### THE PEOPLE'S SAVINGS BANK v. EDWARD J. NEBEL ET AL.

*Mortgage—Agreement for partial release.*

An agreement to release from the operation of a mortgage covering several parcels of land any of them, upon payment to the mortgagee at any time " of a sum equal to the amount of the value of such piece or parcel of land so released or discharged," is construed to mean the value of such parcel at the time of its release.

Appeal from Wayne. (Reilly, J.) Argued June 9, 1892. Decided June 17, 1892.

Bill to foreclose a mortgage. Defendant Nebel appeals. Decree affirmed. The facts are stated in the opinion.

*Keena & Lightner,* for complainant.

*Walter Barlow (George F. Robison,* of counsel), for appellant.

MORSE, C. J. The bill in this case is filed to foreclose a mortgage given by Joseph and Aaron Karrer to complainant, March 4, 1884. It covered three parcels or descriptions of land. The defendant Nebel on the 18th of November, 1887, purchased two of the parcels subject to the mortgage.

On the same day the mortgage was given, the complainant executed the following agreement, and delivered the same to the Karrers:

"*Whereas,* Joseph Karrer and Aaron Karrer, partners composing the firm of J. Karrer & Bro., have delivered to the People's Savings Bank, a real-estate mortgage bearing date the 9th day of February, 1884:

"Now, therefore, the People's Savings Bank hereby agrees to release and discharge from the operation of said mortgage any piece or parcel of land described therein, upon payment to it at any time of a sum equal to the amount of the value of such piece or parcel of land so released or discharged.

"THE PEOPLE'S SAVINGS BANK,

"By M. W. O'BRIEN, Cashier.

"*Dated March 4, 1884.*"

Under this agreement, which is a part of the mortgage, and to be construed with it, Nebel claims the right to redeem the parcels owned by him by paying to complainant the amount of the value of such parcels at the date of such agreement, March 4, 1884, with their proportionate share of the interest accrued upon the original debt. The court below found against this claim, and that the value of the piece or parcel to be released under the agreement was the value of the same at the time the release was to be made.

We think it clear from the reading of the agreement that the court was correct in this ruling. If it had been

intended as claimed by defendant Nebel, the then value of each parcel would no doubt have been set out in the agreement, so that a certain amount would have been fixed in the contract. It does not seem to us that it would have been left open to parol testimony, years afterwards, to fix the value of each parcel on March 4, 1884.

The proposition of defendant's counsel that, "when the proportion of the principal sum mentioned in the mortgage is to be ratably chargeable upon each of several lots contained in the mortgage, due regard must be had to the relative value of each lot at the date of the mortgage," and the cases cited to sustain it, do not apply here.[1] This agreement is that any parcel may be released from the mortgage by the payment at any time of a sum equal to the value of such piece. This mortgage was intended to be a continuing security. At the date of its execution the amount of the indebtedness so secured was $34,000, which, according to defendant's showing, was the full value of the property. No parcel was to be released unless the full value of it was paid to the mortgagee, and this value, it is plain, was to be that of the date of the release. In no other way could the full value of all the parcels he held available as security. It cannot be considered that it was contemplated that, if one parcel decreased in value and the others increased, the security was to be lessened by such decrease and not enhanced by the increase.

The decree of the court below is affirmed, with costs.

The defendant Nebel, if he so desires, will be entitled to have the lands covered by the mortgage sold in the inverse order of alienation.

The other Justices concurred.

[1] Counsel cited *Stevens v. Cooper*, 1 Johns. Ch. 425; *Parkman v. Welch*, 19 Pick. 231, 237–239; *Morrison v. Beckwith*, 4 T. B. Mon. 73, 76, 77.